**George T. LEE, Plaintiff-Appellant,**

v.

**WESTERN RESERVE PSYCHIATRIC HABILITATION CENTER and David A. Sorensen, Defendants-Appellees.**

No. 83–3421.

United States Court of Appeals, Sixth Circuit.

Argued May 7, 1984.

Decided Nov. 6, 1984.

George W. Spittal, argued, Akron, Ohio, for plaintiff-appellant.

Deborah A. Piperni, Asst. Atty. Gen., argued, Columbus, Ohio, for defendants-appellees.

Before EDWARDS and JONES, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

NATHANIEL R. JONES, Circuit Judge.

The plaintiff, George T. Lee, appeals from the district court's dismissal of his civil rights complaint arising under 42 U.S.C. § 1983. Upon consideration of the issues presented by this appeal, we affirm the judgment of the district court.

## I.

The plaintiff was discharged from his position as a probationary employee at Western Reserve Psychiatric Habilitation Center (Western Reserve), a State facility for the mentally ill, after being accused of engaging in oral sex with a patient there. The plaintiff alleged that he was denied due process because he was discharged "without a hearing in which he could have cross-examined witnesses and called witnesses and done so before an impartial decision maker."

On February 23, 1983 the plaintiff received a letter from David Sorensen, Western Reserve's Superintendent. The letter contained the allegation that the plaintiff had engaged in oral sex with a patient while working at Western Reserve. The plaintiff appeared before the Patient Abuse Committee on February 24, 1983 to answer questions concerning this allegation, but he was not given the opportunity to call and cross-examine witnesses or to be represented by counsel. As a result of its inquiry, the Patient Abuse Committee determined that the plaintiff had, in fact, engaged in oral sex with one of the patients. David Sorensen informed the plaintiff of the Committee's findings and the plaintiff was discharged three days later.

The plaintiff thereafter initiated this action in the district court under 42 U.S.C. § 1983. He sought a permanent injunction enjoining Western Reserve and David A. Sorensen from discharging employees without first giving them an opportunity to be heard and represented by counsel along

with the right to call and cross-examine witnesses, and the right to present one's case before an impartial decision maker. The plaintiff also requested compensatory and punitive damages, declaratory relief, reinstatement, and attorney's fees.

The defendants filed a motion to dismiss based upon three grounds. First, they contended that the district court lacked jurisdiction over the case because the State of Ohio had not consented to the suit. Accordingly, the defendants claimed that the suit was barred by the Eleventh Amendment. Second, the defendants moved to dismiss the case pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted. Third, defendant Sorensen contended that the suit should be dismissed with respect to him for insufficiency of service of process. *See* Fed.R.Civ.P. 4(d). The district court granted the defendants' motion to dismiss, in part, because of the Eleventh Amendment, but primarily for failure to state a claim upon which relief could be granted. The district court found the third ground without merit. This appeal follows.

## II.

In cases involving the dismissal of a complaint, the complaint is to be construed in the light most favorable to the plaintiff and its allegations taken as true. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### a. Eleventh Amendment

The plaintiff concedes that the defendants are state entities and that his request for compensatory and punitive damages against the defendants is barred by the Eleventh Amendment. He contends, however, that an award of injunctive or declaratory relief would not violate the Eleventh Amendment. The Eleventh Amendment, which grants sovereign immunity to states under certain circumstances, provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Despite its limited language, the Supreme Court in *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890), held that the Eleventh Amendment bars a federal court from entertaining a suit brought by a citizen against his own State. Furthermore, it is well-settled that a suit may be barred by the Eleventh Amendment even though a state official rather than the State itself is the named party. *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945). As the Court in *Ford Motor* stated:

> [W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants.

323 U.S. at 464, 65 S.Ct. at 350. As a general rule, therefore, the Eleventh Amendment bars an action against a state official. In the case at bar, then, the fact that the State of Ohio was not named as a party does not render the Eleventh Amendment inapplicable. Western Reserve is a state facility, Ohio Rev.Code ch. 5122, and David Sorensen is a state official who is being sued in his official capacity. Since the state is the "real, substantial party in interest," 323 U.S. at 464, 65 S.Ct. at 350, the defendants can, under appropriate circumstances, invoke Eleventh Amendment protection.

There is, however, a narrow but important exception to a state's sovereign immunity created by the Eleventh Amendment. In *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) the Supreme Court held that the Eleventh Amendment did not bar a suit alleging that state officials had

acted contrary to the United States Constitution. *See also Pennhurst v. Halderman,* 104 S.Ct. at 909. As the Court explained in *Pennhurst*

> The theory of [*Young*] was that an unconstitutional enactment is "void" and therefore does not "impart to [the officer] any immunity from responsibility to the supreme authority of the United States." [209 U.S.] at 160, 28 S.Ct. at 454. Since the State could not authorize the action, the officer was "stripped of his official or representative character and [was] subjected to the consequences of his official conduct."

*Id.* at 909.

■ The *Young* exception to the sovereign immunity doctrine has been narrowly construed. *See, e.g., Pennhurst State School & Hospital v. Halderman,* —— U.S. ——, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Cory v. White,* 457 U.S. 85, 91, 102 S.Ct. 2325, 2329, 72 L.Ed.2d 694 (1982). It is, for example, limited to allegations that state officials violated *federal* rather than *state* law. *Pennhurst,* 104 S.Ct. at 910. Furthermore, the *Young* exception is limited to the award of prospective injunctive relief. Retroactive relief and damages are barred under the Eleventh Amendment. *Pennhurst,* 104 S.Ct. at 909; *Edelman v. Jordan,* 415 U.S. at 677, 94 S.Ct. at 1362. Some cases, however, have upheld prospective injunctive relief even where it had a great impact on state treasuries. *Cf. Graham v. Richardson,* 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971) (State officials were prohibited from denying welfare benefits to otherwise qualified recipients who were aliens); *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) (State officials were enjoined from adhering to state procedures which authorized the termination of welfare benefits without a prior hearing). The "ancillary effect" on the state treasuries in such cases was simply the result of state officials being forced to comply with federal law under a *Young* injunction. *Edelman v. Jordan,* 415 U.S. 651, 668, 94 S.Ct. 1347, 1358, 39 L.Ed.2d 662 (1974).

In the case at bar, the plaintiff contends that David Sorensen, a state official, violated the due process clause of the Fourteenth Amendment. The *Young* exception is therefore potentially applicable. The key issue in this case is whether the injunctive and declaratory relief requested by the plaintiff falls within the *Young* exception to the Eleventh Amendment. As the Court acknowledged in *Edelman,* "the difference between the type of relief barred by the Eleventh Amendment and that permitted under *Ex parte Young* will not in many instances be that between day and night." 415 U.S. at 667, 94 S.Ct. at 1357.

■ In the case at bar, the plaintiff seeks a permanent injunction enjoining the defendants from adhering to their present discharge procedures in the future. This request for injunctive relief falls within the purview of the *Young* exception. The plaintiff has alleged that the defendants' policy of discharging employees prior to affording them a full hearing violates the due process clause of the Fourteenth Amendment. Since the plaintiff has alleged that David Sorensen, a state official, is engaging in ongoing conduct which violates the United States Constitution, his request for prospective injunctive relief is permitted under *Young. See also Pennhurst v. Halderman,* 104 S.Ct. 900, 909; *Banas v. Dempsey,* 742 F.2d 277 (6th Cir. 1984). In addition, were we to grant the plaintiff's request for declaratory relief it would simply be ancillary to his request for injunctive relief. Accordingly, declaratory relief would fall within the *Young* exception as well. Furthermore, the Eleventh Amendment does not protect the State from having to pay an award of attorneys fees. *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978). Since prospective injunctive relief and attorneys fees may be awarded against state officials, the Eleventh Amendment does not completely bar the plaintiff's action. The judgment of the district court should nevertheless be affirmed if it is determined that the complaint was properly dismissed for

failure to state a claim upon which relief could be granted.

### b. Failure To State A Claim Upon Which Relief Can Be Granted

The district court concluded that the plaintiff failed to state a claim upon which relief could be granted and therefore dismissed the complaint pursuant to Rule 12(b)(6). In order to state a cause of action under § 1983 the plaintiff must allege that the defendants, acting under color of law, deprived him of some right, privilege or immunity secured by the Constitution. *Douglas v. City of Jeannette*, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943). In the case at bar, the complaint can be construed as alleging that the defendants were acting under color of state law. Furthermore, the plaintiff alleged the deprivation of a constitutional right, i.e. the right to due process under the Fourteenth Amendment. The district court concluded, however, that the defendants' actions did not constitute a deprivation without due process.

The plaintiff alleged in his complaint that he was denied due process because the defendants discharged him "without a hearing in which he could have cross-examined witnesses and called witnesses and done so before an impartial decision maker." In other words, the plaintiff presented a challenge to the defendants' *pre* termination procedures. He has not presented a challenge to the *post* termination procedures provided by the state.

■ The fact that the plaintiff was discharged before he was given a formal hearing does not necessarily constitute a due process violation. Not every public employee possesses a property or liberty interest in his employment sufficient to invoke procedural due process protections. *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). In the case at bar, the plaintiff was still a probationary employee at the time of his discharge. The defendants concede, however, that the plaintiff had a property interest in his em-

ployment under Ohio Rev.Code § 124.34 which provides that an employee in the classified service cannot be removed except for the reasons stated therein.[1] Once a property interest is established this Court must determine whether federal due process requirements were observed when that interest was extinguished. *Loudermill v. Cleveland Board of Education*, 721 F.2d 550, 560 (6th Cir.1983), *cert. granted,* —— U.S. ——, 104 S.Ct. 2384, 81 L.Ed.2d 343 (1984).

■ Due process of law does not require that every employee with a property interest be given a full evidentiary hearing prior to termination. *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974). The defendants contend that there were sufficient posttermination procedures available to the plaintiff to satisfy due process even if the pretermination procedures were insufficient. Ohio Rev.Code § 124.34, for example, provides that when an employee is removed, "the employee may file an appeal ... with the state personnel board of review or the commission." The employee may then appeal the decision of the personnel board or the commission to the court of common pleas. The defendants contend that the plaintiff is at fault because he made no attempt to take advantage of these procedures. The fact that the State of Ohio provides discharged employees with these *post* deprivation procedures, however, does not satisfy procedural due process if the *pre* deprivation procedures were inadequate. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982); *Loudermill v. Cleveland Board of Education*, 721 F.2d at 560.

■ In *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the Supreme Court held that where an individual is deprived of property because of the negligent, random and unauthorized act of a state employee, it is impracticable for the state to provide any meaningful predepri-

---

**1.** Because our disposition of this case is the same regardless of whether the plaintiff possessed a property interest in his employment we need not decide this issue.

vation procedure. Since a state cannot predict when its employees will act in a random and unauthorized manner, it is impracticable in such cases to require the state to provide meaningful predeprivation procedures. The Supreme Court has extended the *Parratt* holding to *intentional* deprivations of property which result from the random and unauthorized acts of state employees. *Hudson v. Palmer,* —— U.S. ——, 104 S.Ct. 3194, 3203, 82 L.Ed.2d 393 (1984). Again, the rationale is that a state cannot predict when its employees will act in a random and unauthorized manner so as to provide a meaningful predeprivation procedure. *Parratt,* however, has not been extended to acts of state employees which are not random and unauthorized, but which are done pursuant to State procedures. *Hudson v. Palmer,* 104 S.Ct. at 3203; *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982). As the Supreme Court explained in *Hudson:*

> Two Terms ago, we reaffirmed our holding in *Parratt* in *Logan v. Zimmerman Brush Co.,* 455 U.S. 422 [102 S.Ct. 1148, 71 L.Ed.2d 265] (1982), in the course of holding that postdeprivation remedies do not satisfy due process where a deprivation of property is caused by conduct pursuant to established state procedure, rather than random and unauthorized action.

104 S.Ct. at 3203. Like the complainant in *Logan,* the plaintiff in the case at bar has challenged actions which were done pursuant to established state procedure. We must therefore determine whether the predeprivation procedures afforded the plaintiff satisfied the due process requirement, regardless of the availability of any postdeprivation procedures. *Logan, supra,* at 436. *See also Loudermill v. Cleveland Board of Education,* 721 F.2d 550 (6th Cir.1983).

■ The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965). In general this requires that an individual be afforded some opportunity to be heard before he is finally deprived of a property interest. *See, e.g., Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976); *Wolff v. McDonnell,* 418 U.S. 539, 557–58, 94 S.Ct. 2963, 2975–76, 41 L.Ed.2d 935 (1974). Absent "the necessity of quick action by the State or the impracticality of providing any meaningful predeprivation process," *Parratt,* 451 U.S. at 539, 101 S.Ct. at 1915, a postdeprivation hearing is, in general, constitutionally inadequate.

In *Loudermill v. Cleveland Board of Education, supra,* two state employees were discharged without being afforded an opportunity to respond to the charges leading to their dismissals. With no prior warning, they were simply informed that they were being discharged from their jobs. We held in *Loudermill* that the plaintiffs had been denied due process despite the posttermination procedures provided by Ohio Rev.Code section 124.34. We concluded that public employees must be provided with some opportunity to present evidence on their own behalf prior to discharge. We did not, however, require that a full hearing be conducted prior to termination. We simply held that "an abbreviated opportunity to respond" must be given. 721 F.2d at 562. In the case at bar the plaintiff has been given that opportunity.

■ The plaintiff's complaint states that he was given a letter which contained notice of the charge against him. The following day the plaintiff appeared before the Patient Abuse Committee to answer questions concerning the allegation. Accordingly, he was, at the very least, given an "abbreviated opportunity to respond." *Loudermill,* 721 F.2d at 562. As a result of the inquiry conducted by the Patient Abuse Committee, the Committee determined that the plaintiff had in fact engaged in oral sex with one of the patients. The plaintiff was informed of the Committee's findings by David Sorensen, and the plain-

tiff was not discharged until three days later. In our opinion, these pretermination procedures were sufficient to satisfy due process.

 The plaintiff also contends that he was deprived of a liberty interest as a result of his discharge. A deprivation of a liberty interest may occur, in addition to a deprivation of a property interest, when a person's standing in the community has been damaged or the defendant's conduct has imposed a stigma or other disability on a plaintiff that has foreclosed his ability to take advantage of other employment opportunities. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). In such a situation it must be alleged that the reasons for the discharge were publicly disclosed by the state. *Board of Curators v. Horowitz,* 435 U.S. 78, 98 S.Ct. 948, 55 L.Ed.2d 124 (1978). The plaintiff neglected to allege this element. Several persons connected with Western Reserve were aware of the charges, but there is no indication that there was any other publication of the charges. The plaintiff has not shown that the conduct of the defendants has foreclosed other employment opportunities. *Roth, supra.* Therefore the plaintiff has not properly alleged a deprivation of a liberty interest in violation of the Fourteenth Amendment.

 The complaint also contained a pendent state claim of defamation. The district court declined to exercise jurisdiction to consider the claim. A district court, in its discretion, can decline to hear pendent state claims when all federal claims have been dismissed prior to trial. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725–26, 86 S.Ct. 1130, 1138–39, 16 L.Ed.2d 218 (1966); *J.P. v. DeSanti,* 653 F.2d 1080, 1086 (6th Cir.1981). Consequently, there was no error in the district court's dismissal of the pendent claims in this case.

For the foregoing reasons, the judgment of the district court is AFFIRMED.