**Mark Kate LEAMAN, Plaintiff,**

v.

**OHIO DEPARTMENT OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, et al., Defendants.**

**Civ. No. C–1–84–999.**

United States District Court,
S.D. Ohio, W.D.

May 14, 1985.

Marc D. Mezibov, Cincinnati, Ohio, for plaintiff.

Deborah A. Piperni, Columbus, Ohio, for defendants.

### ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court on Defendants' Fed.R.Civ.P. 12(b)(6) and (b)(1) Motions to Dismiss. (Doc. Nos. 5, 10) For the reasons that follow, the motions are GRANTED as outlined below.

A. FACTS

The following facts are taken from the complaint and accepted as true for the purpose of this motion. *Scheuer v. Rhodes,*

416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

1. Plaintiff was employed by the Ohio Department of Mental Retardation and Developmental Disabilities (DMR) from December 12, 1983, until April 7, 1984. During that time, Plaintiff was a case management specialist assigned to the Cincinnati office. On April 7, 1984, DMR dismissed Plaintiff stating that she failed to fulfill the requirements of her position. (Doc. No. 1, Exhibit B) Plaintiff appealed her dismissal to the Ohio Personnel Board of Review. The Board of Review found that DMR had complied with the applicable statute and dismissed the appeal for lack of jurisdiction pursuant to the Ohio Administrative Code § 124–1–06. (Doc. No. 1, Exhibit A)

2. Plaintiff's difficulties with DMR began when she was assigned to the case of a juvenile named D.M.[1] DMR had been directed by the Hamilton County Juvenile Court to provide for the care, custody, and well-being of D.M. consistent with the provisions of Ohio Revised Code § 5123.67. (Doc. No. 1 at 5) When Plaintiff took over D.M.'s Case, the juvenile resided in a facility for the profoundly retarded. After visiting D.M. and reviewing her records, Plaintiff formed the opinion that D.M. was only mildly retarded and that placement was inappropriate. A running battle ensued among Plaintiff, her supervisors, and the Juvenile Court over the proper placement of D.M.

3. As a result of her advocacy of D.M.'s interests in this battle, Plaintiff was fired. She now seeks injunctive relief and damages under 42 U.S.C. § 1983; § 504 of the Rehabilitation Act, 29 U.S.C. § 794 (1982); and the due process clause of the Fourteenth Amendment. Named as Defendants in the action are DMR; Minnie Fells Johnson, Director of DMR; Sandra A. Crockett, Commissioner of Residential Services at DMR; Joyce Scott, Chief of Client Services

at DMR; and Shirley Wilson-Young, Assistant Chief of Client Services at DMR.

4. Five months after commencing this action, Plaintiff filed a complaint against the State of Ohio in the Ohio Court of Claims based on the same set of facts above. (Doc. 10, Exhibit B) This complaint is virtually identical to the original complaint filed in this Court.

Defendants have filed motions to dismiss both the complaint and an amended complaint. These motions raise numerous issues, only two of which need be addressed for disposition of the case. The first issue is whether the doctrine of sovereign immunity bars suit against DMR. The second issue is whether Plaintiff's suit in the Court of Claims suit bars this action against individual Defendants.

## B. SOVEREIGN IMMUNITY

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The amendment bars suits brought in federal court by private parties seeking to impose a liability that must be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337, 99 S.Ct. 1139, 1143, 59 L.Ed.2d 358 (1979). Its prohibition includes suits by citizens against their own state or state agencies. *Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974); *See, e.g., Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). The amendment applies to actions brought under 42 U.S.C. § 1983. *Edelman*, 451 U.S. at 675–77, 94 S.Ct. at 1361–62.

Plaintiff does not dispute DMR's claim to sovereign immunity nor can she.

---

**1.** To provide for the anonymity of this particular juvenile, Plaintiff has used the juvenile's

initials for purposes of its pleadings

As a state created, operated, and financed institution, DMR is clearly an arm of the state entitled to Eleventh Amendment protection. *See Ohio Rev.Code Ann.* ch. 5123 (Page 1981). *See, e.g., Lee v. Western Reserve Psychiatric Habilitation Center,* 747 F.2d 1062 (6th Cir.1984); *Hall v. Medical College,* 742 F.2d 299 (6th Cir.1984). DMR must, therefore, be dismissed from the suit for Plaintiff's failure to state a claim against it upon which relief can be granted.

## C. OHIO REVISED CODE § 2743.-02(A)(1)

The second issue in this case involves an application of § 2743.02(A)(1) of the Ohio Revised Code (O.R.C.). That section waives Ohio's Eleventh Amendment protection from actions brought in a specially created Court of Claims. To obtain such waiver, the Plaintiff must waive her right to bring claims against state officers or employees that arise from the same act or omission that formed the basis of the suit against the state. Ohio Rev.Code Ann. § 2743.02(A)(1) (Page 1981). Plaintiff's waiver is void if the Court of Claims determines that the state officer or employee was acting outside the scope of his employment or acted with malicious purpose, bad faith, or in a wanton or reckless manner. *Id.*

■ On December 14, 1984, Plaintiff filed a complaint against the state in the Ohio Court of Claims. Application of § 2743.02(A)(1) requires dismissal of Plaintiff's claims against the individual Defendants in this case. Plaintiff argues against such a result claiming that the Ohio law is inconsistent with the laws of the United States. She cites in support of her contention *Rosa v. Cantrell,* 705 F.2d 1208 (10th Cir.1982), *cert. denied,* 464 U.S. 821, 104 S.Ct. 85, 78 L.Ed.2d 94 (1983).

*Rosa* involved a § 1983 suit for the wrongful death of Plaintiff's husband at the hands of a city public safety director. The Defendant city interposed the defense that Plaintiff, by accepting state workers' compensation benefits was barred under Wyoming law from bringing any claims against the employer city. The court analyzed this defense under 42 U.S.C. § 1988, which allows state law to govern civil rights suits where no federal law applies.[2] State law may only apply, however, when "not inconsistent with the Constitution and the laws of the United States...." *Id.* The Court found the exclusive remedial provision of the state workers' compensation statute to be inconsistent with the available federal remedy. 705 F.2d at 1221. In arriving at its conclusion, the court noted that by limiting Plaintiff's remedy, the Wyoming statute thwarted § 1983's policy of preventing abuses of power by those acting under color of state law. *Id. See also Robertson v. Wegmann,* 436 U.S. 584, 591, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978).

■ Such is not the case here. Rather than cut off Plaintiff's § 1983 cause of action and remedy as did the Wyoming statute, application of the Ohio statute would leave Plaintiff's claim intact. Ohio merely requires adjudication of the claim in a special state court. Plaintiff's action and the policies behind § 1983 are preserved as state courts have jurisdiction to hear § 1983 cases. *Martinez v. California,* 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980). Further, the Ohio statute is in line with United States Supreme Court holdings permitting states to limit waiver of their immunity to suits brought against them in

**2.** The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this Title, ... shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry out the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause....

42 U.S.C. § 1988 (1982)

their own courts. *See Great Northern Life Insurance Co. v. Read,* 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121 (1944); *Smith v. Reeves,* 178 U.S. 436, 20 S.Ct. 919, 44 L.Ed. 1140 (1900).

By filing in the Ohio Court of Claims, Plaintiff has made a knowing, intelligent, and voluntary waiver of her right to bring claims against officers and employees of the state. In exchange for that waiver, Plaintiff received a solvent Defendant. There being no statutory or constitutional impediment to such an arrangement, this Court will hold Plaintiff to her *quid pro quo* and dismiss the individual Defendants for failure to state a claim against them.

D. CONCLUSION

Defendants' Motions to Dismiss are **GRANTED** as to Defendant DMR. Defendants' Motions to Dismiss are **GRANTED** as to the remaining Defendants with the condition that Plaintiff may refile in this Court against the individual Defendants should the Court of Claims find that they acted outside the scope of employment, with maliciousness, bad faith, or wantoness or recklessness.

IT IS SO ORDERED.