767 F.2d 921
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RANDY LEE SCOTT, PLAINTIFF-APPELLANT,
v.
GEORGE F. DENTON; FRANK H. CRAY; JOHN DOE, DEFENDANTS-APPELLEES.
 NO. 84-3660
 United States Court of Appeals, Sixth Circuit.
 6/3/85
 
 N.D.Ohio
 AFFIRMED
 ON Appeal from the United States District Court for the Northern District of Ohio
 Before: ENGEL, Circuit Judge; PHILLIPS and PECK, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Randy Lee Scott appeals from the order of the United States District Court for the Northern District of Ohio granting summary judgment for the defendants in this section 1983 action. The issue in this case is whether this action against the Director of the Ohio Department of Rehabilitation and Correction, the Superintendent of the Ohio State Reformatory and an unknown prison guard is barred by the Eleventh Amendment.
 
 
 2
 Scott is an inmate of the Ohio penal system. On April 29, 1982, while he was incarcerated at the Ohio State Reformatory, he was physically injured in an altercation with another inmate.
 
 
 3
 Scott brought an action under 42 U.S.C. Sec. 1983 against the Director of the Department of Rehabilitation and Correction, the Superintendent of the Ohio State Reformatory and an unknown prison guard, alleging that they had violated his constitutional rights under the Eighth and Fourteenth Amendments by their deliberate indifference to the danger of violent attacks existing at the Ohio State Reformatory and specifically by their deliberate indifference to the danger that Scott would be attacked by the inmate who injured him. Scott also included claims of negligence under state law in his complaint.
 
 
 4
 The district court properly granted summary judgment for the defendants, holding that the Eleventh Amendment barred Scott's action in federal court because the defendants were acting only in their official capacities. See Lee v. Western Reserve Psychiatric Habilitation Center, 747 F.2d 1062, 1065 (6th Cir. 1984). Furthermore, even if Scott's suit were not barred by the Eleventh Amendment, we doubt that his allegations would give rise to a cause of action under federal law. See Stewart v. Love, 696 F.2d 43 (6th Cir. 1982).
 
 
 5
 AFFIRMED.