817 F.2d 756
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Robert ADAMS, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS, Security Classification
Committee on 12/6/85, and Stainslaus Januszka,
Defendants-Appellees.
 
 No. 86-1803.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1987.
 E.D.Mich.
 AFFIRMED.
 Before LIVELY, Chief Judge, and ENGEL and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not necessary. Fed. R. App. P. 34(a).
 
 
 2
 The plaintiff is a prisoner at the State Prison at Southern Michigan. On March 21, 1986, he filed a civil rights action against the defendants pursuant to 42 U.S.C. Sec. 1983. By the complaint filed in that action, plaintiff alleged that he had been denied procedural due process and had suffered cruel and unusual punishment due to his confinement in administrative segregation and the conditions of that confinement. In response to these allegations the defendants moved for summary judgment in their behalf. The plaintiff in turn requested summary judgment in his behalf. On August 27, 1986, the district court entered a judgment dismissing plaintiff's action based upon the reasons discussed in its memorandum and opinion of the same date. In that opinion, the district court concluded that the Michigan Department of Corrections and Security Classification Committee are immune from suit and that the conditions of confinement did not constitute cruel and unusual punishment.
 
 
 3
 We affirm the judgment of the district court. Both the Michigan Department of Corrections and the Security Classification Committee are immune from suit under the Eleventh Amendment. See Lee v. Western Reserve Psychiatric Habilitation-Center, 747 F.2d 1062, 1065-66 (6th Cir. 1984); Foulks v. Ohio Dep't of Rehab. & Correction, 713 F.2d 12298, 1232-33 (6th Cir. 1983). In addition, the due process claims raised against these defendants lack merit. Therefore, remand of this case to permit further amendment to plaintiff's complaint is not warranted. Likewise, plaintiff's claims against defendant Januszka fail to rise to the level of cruel and unusual punishment under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 102-03 (1976).
 
 
 4
 Accordingly, the judgment of the district court entered August 27, 1986 is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.