782 F.2d 1041
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LEROY EADDY, Plaintiff-Appellant,
v.
DALE FOLTZ, WARDEN, J. SPURGIS, HEARING OFFICER, Defendants-Appellees.
 84-1419
 United States Court of Appeals, Sixth Circuit.
 12/18/85
 
 ORDER
 BEFORE: ENGEL, KENNEDY and MILBURN, Circuit Judges.
 
 
 1
 Plaintiff appeals the district court's order dismissing his pro se civil rights action brought under 42 U.S.C. Sec. 1983. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff is a state prisoner in the State Prison of Southern Michigan serving fifteen to forty years for armed robbery and two years for felony firearms violations. He filed this pro se civil rights complaint against the warden and prison hearing officer alleging due process violations in his major misconduct hearing and subsequent reclassification to administrative segregation, eighth amendment violations arising from the conditions of confinement in administrative segregation, and fourteenth amendment violations through interference with his access to the courts. Specifically, plaintiff alleged that the hearing officer failed to consider his evidence in defense of the major misconduct charge. He also claimed he should have been afforded a second hearing before he was reclassified based on the guilty finding in the major misconduct proceeding. In the eighth amendment claim, he alleged that his cell in administrative segregation was too small, a ventilation outlet has been welded shut, the toilets leak causing dampness which facilitates growth of germs and mildew, the hot water faucet drips and the cold water is rusty if not used for a day, pillows were not provided, only half of a toothbrush was provided and no toothpaste, cleaning supplies are provided only weekly, all lights were not turned on, there are dead insects in the cracks and crevices on the cement walls, birds nest on the windowsills and fly through the cell block dropping feces, mice enter the cells, the shower drainage was unsatisfactory and unsanitary, the food was served through a slot and touches the top of the slot contaminating it with germs, and he was allowed only three hours of outdoor exercise per week. In his fourteenth amendment claim, he alleged that he was denied the right to visit a co-defendant to discuss his pending criminal appeal. The district court granted defendants' motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, on the grounds that the complaint failed to state a claim. We affirm in part, vacate in part, and remand for further proceedings.
 
 
 3
 Plaintiff's first claim is that he was denied due process in his disciplinary hearing and in his reclassification to administrative segregation status without a separate hearing. It is well-settled that prisoners have due process rights in disciplinary proceedings. See Ponte v. Real, ---- U.S. ----, 105 S.Ct. 2192 (1985); Wolff v. McDonnell, 418 U.S. 539 (1974); King v. Wells, 760 F.2d 89 (6th Cir. 1985). The attachments to the complaint demonstrate that plaintiff was afforded the due process protections required under Wolff v. McDonnell, supra. In addition, the guilty finding was supported by sufficient evidence; the hearing officer was not required to credit plaintiff's testimony. See Superintendent, Massachusetts Correctional Institution v. Hill, ---- U.S. ----, 105 S.Ct. 2768 (1985). Plaintiff's related claim, i.e., that his reclassification to administrative segregation based upon the major misconduct finding violated due process, is without merit. There is no due process right in Michigan to a second hearing to impose administrative segregation classification after a major misconduct guilty finding. Walker v. Mintzes, 771 F.2d 920 (6th Cir. 1985). Therefore, the district court correctly held that plaintiff failed to allege due process violations in his disciplinary hearing and reclassification.
 
 
 4
 Plaintiff's second claim is that prison conditions in administrative segregation violated his eighth amendment right to be free from cruel and unusual punishment. The district court granted defendants' motion to dismiss on the grounds that plaintiff failed to state a claim. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The allegations of the complaint must be construed in the light most favorable to plaintiff and accepted as true. Lee v. Western Reserve Psychiatric Habilitation Center, 747 F.2d 1062 (6th Cir. 1984). Pro se complaints are to be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972). Plaintiff alleged his conditions of confinement violated the eighth amendment. There is no 'static test' for existence of eighth amendment violations; conditions must amount to a deprivation of life's necessities to be unconstitutional. Rhodes v. Chapman, 452 U.S. 337 (1981); Walker v. Mintzes, supra; Bellamy v. Bradley, 729 F.2d 416 (6th Cir.), cert. denied, ---- U.S. ----, 105 S.Ct. 156 (1984). With the exception of the complaints relating to contaminated food, mice entering the cells, and unsanitary condition of the leaking toilet, plaintiff's complaints, if proven, do not constitute an eighth amendment violation. Those conditions, depending upon their severity or pervasiveness, may constitute a violation. Therefore, the district court's dismissal of the action based on failure to state a claim was premature. See Hogan v. Midland County Commissioners Court, supra; Blake v. Hall, supra.
 
 
 5
 Plaintiff's final allegation is that he was denied access to the courts because defendants refused to allow him to visit a co-defendant. Although inmates have a right of access to the courts, Bounds v. Smith, 430 U.S. 817 (1977), an inmate must allege actual interference with his access to the courts. Walker v. Mintzes, supra, 771 F.2d at 931-932. Plaintiff claims that he has an appeal pending in the state court and he wants to discuss it with his co-defendant. It is clear from this statement that plaintiff is pursuing a court action and access to the courts has not been impeded. Mere refusal of visiting rights with a co-defendant is not a per se violation of the right of access to the courts. See Walker v. Mintzes, supra.
 
 
 6
 Accordingly, it is ORDERED that the district court's dismissal of the claims of due process violations and denial of access to the courts is affirmed. Sixth Circuit Rule 9(d)(3). The judgment is vacated insofar as it dismisses the eighth amendment claims, and the case is remanded for further proceedings. Sixth Circuit Rule 9(d)(4).