798 F.2d 1413
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David W. BALL, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, and Blue Cross-Blue
Shield of Michigan, Defendants-Appellees.
 No. 85-1256.
 United States Court of Appeals, Sixth Circuit.
 July 28, 1986.
 
 Before LIVELY, Chief Judge, and KENNEDY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This pro se plaintiff appeals from a district court judgment dismissing his complaint for lack of subject matter jurisdiction. Seeking injunctive and monetary relief, plaintiff sued the defendants claiming that their refusal to respond to his requests for reimbursement for certain medical expenses amounted to a denial of his medical claim and a denial of his constitutional right to due process. Plaintiff sought to present his own evidence and to gain access to the defendants' evidence to determine whether a meaningful explanation existed to support the denial of his claim. In the course of proceedings held in the district court, the plaintiff also alleged many state law tort claims charging the defendants with tortious interference with his privacy, mental anguish and collusion among the defendants to defeat his claim and claims of others.
 
 
 2
 Upon review of the cause in light of the arguments made by the parties in their respective appellate briefs, this court concludes that the district properly dismissed plaintiff's complaint. Despite plaintiff's efforts to cast his claims in a different form, this is a suit seeking review of his claim for reimbursement for medical expenses under Part B of the Medicare program for which judicial review in this case is simply not available. See Heckler v. Ringer, --- U.S. ----, 104 S.Ct. 2013, 1018 n. 4 (1984); Schweiker v. McClure, 456 U.S. 188 (1982); United States v. Erika, Inc., 456 U.S. 201 (1982); Klein v. Heckler, 761 F.2d 1304, 1307-9 (9th Cir.1985); Herzog v. Secretary of Health, Educ. & Welfare, 686 F.2d 1154, 1157 (6th Cir.1982). Despite plaintiff's denial to the contrary, his complaint did seek reimbursement under Part B of the Medicare program and he does, therefore, have available to him a scheme of administrative review procedures which does comport with due process guaranteed under the federal constitution. See Schweiker v. McClure, supra.
 
 
 3
 Bowen v. Michigan Academy of Family Physicians, --- U.S. ---- (June 9, 1986), is not to the contrary. In the present case case the amount, if any, of Part B medicare benefits is in issue; it is not the method by which Part B benefits are calculated that the plaintiff seeks to contest.
 
 
 4
 The district court also properly declined to exercise pendent jurisdiction over plaintiff's state law tort claims following the dismissal of his federal claims. United Mine Workers v. Gibbs, 383 U.S. 715, 725-26 (1966); Lee v. Western Reserve Psychiatric Hab., 747 F.2d 1062, 1069 (6th Cir.1984).
 
 
 5
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.