856 F.2d 194
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Quinrontes Q. JAMES, Plaintiff-Appellant,
v.
J. RION, Lt., Individually and In His Official Capacity;
Nancy Yeast, Officer, Individually and In Her Official
Capacity; George Biles, Individually and In His Official
Capacity; Sharon Lay, Individually and In Her Official
Capacity; T. Moses, Officer, Individually and In His
Official Capacity; Donald Stewart, Capt., Individually and
In His Official Capacity, Defendants-Appellees.
 No. 88-5224.
 United States Court of Appeals, Sixth Circuit.
 Sept. 1, 1988.
 
 1
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and CARL B. RUBIN, Chief District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the plaintiff's pro se brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This pro se Kentucky prisoner appeals the district court's judgment sua sponte dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983.
 
 
 4
 Seeking monetary and injunctive relief, plaintiff sued the members of his prison's disciplinary committee alleging violations of his due process rights during a disciplinary hearing conducted on a misconduct report. Plaintiff alleged that he was not allowed to call staff witnesses or submit documentary evidence and that the committee failed to render a written statement explaining the evidence it relied upon in finding him guilty of misconduct. Upon being found guilty, plaintiff was placed in administrative segregation for twenty-five days and was denied sixty days good time credit. Plaintiff stated that defendants acted in retaliation for his activities as a jailhouse lawyer. The district court, upon recommendation of the magistrate, found the complaint to be frivolous pursuant to Parratt v. Taylor, 451 U.S. 527 (1981), and sua sponte dismissed the complaint for failure to plead and prove the inadequacies of state remedies.
 
 
 5
 Upon review, we conclude that the district court improperly dismissed the complaint because plaintiff facially stated a claim for deprivation of his liberty in violation of his due process rights. See Ponte v. Real, 471 U.S. 491, 497 (1985) (inmate entitled to written statement explaining why he was not allowed to call witnesses); Wolff v. McDonnell, 418 U.S. 539, 564-65 (1974) (inmate is entitled to written statement setting forth evidence factfinder relied upon in reaching its decision). Furthermore, the suit was not amenable to disposition under Parratt v. Taylor, 451 U.S. 527 (1981), because the alleged deprivation was not committed randomly as the state authorities were in a position to provide adequate pre-deprivation process. See Lee v. Western Reserve Psychiatric Hab., 747 F.2d 1062, 1067-68 (6th Cir.1984). Consequently, it was improper for the district court to dismiss the complaint in the pleading stage of the litigation.
 
 
 6
 Accordingly, the district court's judgment is hereby vacated and the case remanded pursuant to Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl B. Rubin, Chief U.S. District Judge for the Southern District of Ohio, sitting by designation