**Carlos SWEENEY, Plaintiff,**

v.

**Sylvester B. CHAPMAN, Franklin Ayers, Ricardo Jenkins, and City of Detroit, Defendants.**

**Civ. A. No. 92–76102.**

United States District Court, E.D. Michigan, S.D.

Feb. 16, 1993.

Frederick E. Metry, Detroit, MI, for plaintiff.

Calvert Bailey, City of Detroit Law Dept., Detroit, MI, for defendants.

## ORDER GRANTING DEFENDANT CITY OF DETROIT'S MOTION TO DISMISS

GADOLA, District Judge.

On September 17, 1992, plaintiff filed a six-count complaint in Wayne County Circuit Court. Defendants removed the action to this court October 14, 1992. The court remanded Counts I, II, III, IV, and V in its October 23, 1992 order of partial remand. Thus, the only remaining count is Count VI, which alleges violations of 42 U.S.C. §§ 1983 and 1985(3).

On December 8, 1992, defendant City of Detroit ("City") filed the instant motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed a response December 23, 1992. No reply was filed. Pursuant to LR 7.1(e)(2) (E.D.Mich. Jan. 1, 1992), no oral argument was heard.

## STANDARD OF REVIEW

Upon a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), all allegations in the complaint are to be accepted as true and construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *United States v. Mississippi*, 380 U.S. 128, 143, 85 S.Ct. 808, 816, 13 L.Ed.2d 717 (1965).

The court's inquiry is limited to whether the challenged pleadings set forth allegations sufficient to make out the elements of a right to relief. *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983), *cert. denied*, 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984); *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983). The complaint should not be dismissed unless it appears without doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Lee v. Western Reserve Psychiatric Habilitation Ctr.*, 747 F.2d 1062, 1065 (6th Cir.1984).

## ANALYSIS

Plaintiff brought suit against the defendant City and three of its police officers, whom he alleges shot him without justification and falsely arrested him. Count VI, the only remaining count before this court, alleges that defendants violated 42 U.S.C. §§ 1983 and 1985(3). However, there is no cause of action against the defendant City alleged in Count VI; rather, Count VI specifies the actions of only the three officers.

In his response brief plaintiff concedes that in a section 1983 action "[t]he 'color of law' requirement is met ... where there is an allegation that Constitutional violations result from the implementation or execution of a policy statement, ordinance, regulation, official decision or custom by municipal officers." Plaintiff's resp. brief at 7 (citing *Monell v. New York City Dep't of Social Serv.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Plaintiff then contends that in his complaint he properly alleged "that his injuries were caused by action taken 'pursuant to official municipal policy....'" *Id.* Plaintiff directs the court to Paragraphs 27(a) and (b) of the complaint.[1] Paragraph 27(a), however, alleges only that the City "fail[ed] to restrict defendant Sylvester Chapman's use of the dangerous weapon ..." Complaint at 7. Paragraph 27(b) alleges only that the City "fail[ed] to properly train defendant Sylvester Chapman ..." *Id.* at 8. The United States Supreme Court has held that an allegation of a singular occurrence of a constitutional violation is insufficient to show a policy or custom. *Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). Accordingly, plaintiff has failed to allege a viable section 1983 action against the defendant City.

## ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that defendant City of Detroit's motion to dismiss is GRANTED.

---

1. These paragraphs are found in Count IV, which is entitled "NEGLIGENCE OF THE CITY OF DETROIT," and which has been previously remanded to state court.