HOLTHAUS, Appellant,

v.

CINCINNATI BOARD OF EDUCATION, Appellee.

[Cite as *Holthaus v. Cincinnati Bd. of Edn.* (1991), 76 Ohio App.3d 443.]

Court of Appeals of Ohio,
Hamilton County.

No. C–900665.

Decided Nov. 27, 1991.

*Benesch, Friedlander, Coplan & Aronoff, Donald J. Mooney, Jr.* and *David N. Bruce,* for appellant.

*Frost & Jacobs, James K.L. Lawrence* and *Mary Ann Willis; John P. Concannon,* General Counsel, Board of Education of the City School District of the city of Cincinnati, for appellee.

*Per Curiam.*

The plaintiff-appellant, Dennis R. Holthaus, appeals from the trial court's order granting summary judgment in favor of the defendant-appellee, Cincinnati Board of Education ("board"), upon his claim that the board improperly refused to renew his supplemental coaching contracts for the 1989–1990 school year. In his two assignments of error, challenging the trial court's decision granting summary judgment for the board, Holthaus contends that genuine issues of material fact exist with respect to the following aspects of his claim against the board: (1) alleged violations of R.C. 3319.11 and 3319.16; (2) alleged violations of the Due Process Clause of the Ohio Constitution, the Fourteenth Amendment to the United States Constitution, and Section 1983, Title 42, U.S.Code; and (3) the applicability of the doctrine of promissory estoppel. The assignments of error are not well taken.

Holthaus, who was employed for fifteen years in the Cincinnati public schools, was a tenured driver's education teacher at Aiken High School. The board also employed him by supplemental contract to coach varsity football, women's reserve basketball, and varsity track. Section 200, Paragraph 4 of the collective-bargaining agreement between the Cincinnati Federation of Teachers and the board states:

*"Contract Renewal*

"A contract shall be considered automatically renewed unless notification is given by April 30, *except that supplementary contracts shall terminate upon completion of the assigned duties and payment therefor and are not subject to notification to the employee of non-renewal."* (Emphasis added.)

The supplemental contracts between Holthaus and the board also provided that he was not automatically employed as a coach for the following year by stating:

"Pursuant to the provisions of Section 3319.11, Ohio Revised Code, the Teacher is *not* hereby reemployed to perform these supplemental duties for the ensuing year. *This document is official notice of the Board of Education's action on the Superintendent's recommendation that the teacher not be reemployed.*" (Emphasis added.)

During the football season, Holthaus was terminated as the football coach, effective September 12, 1989, because, as he sets forth in his complaint, he "used a word and/or phrase which the board found to be a derogatory racial comment." On October 10 he was informed orally that he would no longer serve as women's reserve basketball or track coach at Aiken High School. In his affidavit Holthaus states that on September 30, 1989, he met with Jack Schroder, the high school principal, and that Schroder informed Holthaus that he would follow the board's directive, leading Holthaus to believe that his status as women's reserve basketball and track coach would be unaffected by his status as football coach. Holthaus's appeal relates only to the board's refusal to renew his supplemental contracts for women's reserve basketball coach and track coach, and not to his supplemental contract as the Aiken High School football coach, which is the subject of another action.

The threshold question is whether Holthaus had a reasonable expectation of continued employment in these two nontenured coaching positions.

■ Relying upon the requirements of R.C. 3319.11 and 3319.16, Holthaus argues that he was entitled to notice that the board would not renew his supplemental contracts and, absent such notice, he had a property interest in the continuation of these contracts which could not be taken away without a hearing pursuant to the requirements of due process. However, R.C. 4117.-10(A) provides that on matters of wages, hours, or terms and conditions of employment, where there is a conflict with the express language of a statute, a collective-bargaining agreement between a public employer and the exclusive bargaining representative prevails unless the statute falls within one of the listed exceptions therein.[1] *State ex rel. Rollins v. Cleveland Hts.-University Hts. Bd. of Edn.* (1988), 40 Ohio St.3d 123, 532 N.E.2d 1289, rehearing denied (1989), 41 Ohio St.3d 717, 535 N.E.2d 314; *Cuyahoga Falls Edn. Assn. v. Cuyahoga Falls City School Dist. Bd. of Edn.* (1991), 61 Ohio St.3d 193, 574 N.E.2d 442, rehearing denied (1991), 62 Ohio St.3d 1410, 577 N.E.2d 362. Consequently, the Public Employees' Collective Bargaining Act replaced the former rule that a collective-bargaining agreement between a

---

**1.** The exceptions are: "Laws pertaining to civil rights, affirmative action, unemployment compensation, workers' compensation, the retirement of public employees, residency requirements, the minimum educational requirements * * * pertaining to public education * * *, and the minimum standards promulgated by the state board of education * * *."

public employer and its employees was enforceable only to the extent that it was not contrary to law, as announced in *Struthers City Schools Bd. of Edn. v. Struthers Edn. Assn.* (1983), 6 Ohio St.3d 308, 6 OBR 368, 453 N.E.2d 613. See *Cincinnati v. Ohio Council 8, Am. Fedn. of State, Cty. & Mun. Emp., AFL–CIO* (1991), 61 Ohio St.3d 658, 661, 576 N.E.2d 745, 748.

The collective-bargaining agreement and Holthaus's supplemental contracts provide that his coaching contract automatically terminates upon completion of his assigned duties, and specifically that notice of nonrenewal is not required. In view of these express terms we cannot accept Holthaus's argument that he was automatically reemployed by the board's conduct and practices which allegedly created for him a reasonable expectation of continued employment. The employment-at-will doctrine of *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 19 OBR 261, 483 N.E.2d 150, which Holthaus uses as the basis for his argument, does not apply to establish an implied promise of job security in conflict with unambiguous contract terms. Courts are to construe provisions of a collective-bargaining agreement like any contract, without resort to extraneous sources, when the agreement is "clear and unambiguous in its meaning." *Belic v. Gen. Motors Corp.* (S.D.Ohio 1984), 588 F.Supp. 633, affirmed without opinion (C.A.6, 1987), 818 F.2d 866. Furthermore, a mere subjective expectation of continued employment is not protected by procedural due process without the board's policies and practices rising to the level of implied tenure. *Perry v. Sindermann* (1972), 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570.

In claiming that he was entitled to continued employment under the doctrine of promissory estoppel, Holthaus maintains that: (1) he relied upon the board's regular practice of issuing the supplemental contracts after teachers began to perform their duties, which he contends implies that his supplemental employment was continuous; (2) he relied upon the Aiken High School athletic manual, which states: "You will be notified of your status for the coming year no later than April 1"; and (3) the principal, Jack Schroder, led him to believe that his status as women's reserve basketball coach and track coach would not be affected by his termination as the football coach.

Under the doctrine of promissory estoppel, " ' "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee * * * and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." ' " *Mers v. Dispatch Printing Co., supra,* 19 Ohio St.3d at 104, 19 OBR at 264, 483 N.E.2d at 154 (quoting 1 Restatement of the Law 2d, Contracts [1981] 242, Section 90).

Even assuming, as Holthaus contends, that any one of his three allegations may be construed to involve a specific promise of future employment, we hold that there is no evidence of detrimental reliance on his part. The record contains no evidence, for example, that Holthaus either looked for or turned down other job opportunities. Without some evidence of this nature to support Holthaus's claim for continued employment, the essential element of detrimental reliance necessary to assert the doctrine of promissory estoppel is absent. See *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095; *Helmick v. Cincinnati Word Processing, Inc.* (1989), 45 Ohio St.3d 131, 543 N.E.2d 1212.

Accordingly, Holthaus's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

GORMAN, P.J., SHANNON and UTZ, JJ., concur.